**FILED**

April 24 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA



DA 11-0575

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 93N

LOKEN BUILDERS, INC.,

      Plaintiff and Appellee,

  v.

SHARON R. BOYCE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 06-1036
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Sharon R. Boyce, (self-represented); Missoula, Montana

      For Appellee:

          David J. Steele, II.; Geiszler & Froines, PC; Missoula, Montana

Submitted on Briefs:  April 4, 2012

Decided:  April 24, 2012

Filed:

_____
                   Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This protracted dispute over a construction contract between Sharon R. Boyce (Boyce) and Loken Builders, Inc. (Loken) began six years ago when "Boyce was dissatisfied with the work and refused to pay a final installment payment" to Loken for its remodeling work on a house owned by Boyce. *Loken Builders, Inc. v. Boyce*, 2011 MT 8N, ¶ 2. Loken filed a construction lien and initiated an action, and Boyce filed counterclaims. The case was tried to a jury, which held in favor of Loken. Boyce's counterclaims were dismissed. The District Court ordered a foreclosure sale and awarded a deficiency judgment and attorney fees to Loken. Boyce appealed, and we affirmed. *Loken*, ¶¶ 2, 12.

¶3 After remittitur issued on February 11, 2011, the parties entered negotiations to settle the matter, which ultimately proved unsuccessful. On March 4, 2011, Loken moved the District Court to amend the judgment to include attorney fees and costs incurred in defending its judgment on appeal. Boyce was served with the motion and filed a response on March 14, 2011, objecting to the fees and requesting that Loken be sanctioned for reneging on the asserted settlement agreement and for proceeding improperly against the supersedeas bond issued by Travelers Casualty and Surety Company of America that Boyce had posted.

¶4 However, on March 8, the District Court entered an amended judgment in response to Loken's motion, including the fees and costs incurred by Loken on appeal. The amended judgment was entered in the amount of $88,319.63. Boyce was apparently not served with the

2

amended judgment and only learned of it when Travelers contacted her on March 24 in response to a demand for payment from Loken. Boyce filed an affidavit averring this sequence of events, following which the District Court set a hearing to consider Boyce's objections to Loken's motion to amend the judgment. Boyce then filed a notice of appeal. This Court dismissed the appeal and remanded the matter to the District Court.

¶5 The District Court conducted a status conference on July 5, 2011, after which it entered an order. The court noted that, during the status conference, "Boyce stated she would accept $50,000 to resolve the case," after which the court reminded Boyce that Loken was entitled to payment of its judgment. The court ruled that Loken was entitled to fees and costs on appeal as a matter of law and scheduled a reasonableness hearing to take evidence on the amount of fees. It also upheld the March 8 amended judgment, but stayed the judgment pending the hearing. It found no basis to award sanctions against Loken.

¶6 At the reasonableness hearing, Loken presented expert testimony and declined to seek additional fees incurred in responding to seven additional pleadings filed by Boyce and in making two court appearances since filing its motion on March 4. Boyce raised the issue of the asserted settlement agreement, and the District Court permitted Boyce to submit additional materials in support of this claim after the hearing, but she did not do so. On September 2, 2011, the District Court entered an order granting Loken's motion to add costs and fees in the amount of $5,271.96 to the judgment. The court reasoned that "after litigating one of the most protracted, contentious, vexatious and disorganized cases in the Court's recent experience, Loken's attorneys finally prevailed and secured positive results for their client," and upheld the amended judgment entered on March 8, 2011, as the final judgment.

¶7     Boyce appeals, arguing that Loken breached the parties' settlement agreement, that she was not given notice and opportunity to be heard on Loken's motion to amend the judgment, rendering the March 8 judgment void, and that all subsequent orders, including the order directing payment of the supersedeas bond, were likewise void. Boyce also requests imposition of sanctions in the form of "compensation for the exorbitant time and expense incurred as a result of Loken's attorneys' deceit and wrongdoing in this case," similar to her claim for sanctions in the District Court. Loken defends and asks for the imposition of sanctions in a specified amount against Boyce for her abusive litigation actions.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings with regard to the attorney fee issue were supported by substantial evidence and its discretionary grant of attorney fees was clearly not an abuse of discretion. The legal issues are controlled by settled law, which the District Court correctly applied. While the District Court acknowledged that Boyce did not receive an opportunity to be heard prior to the March 8 amended judgment, the court thereafter held a hearing on the matter and gave both parties the opportunity to submit evidence and argument prior to entering the final judgment from which appeal is taken. There is substantial evidence in the record that the parties had not reached a final settlement agreement that was breached by Loken. Boyce's request for imposition of sanctions against Loken is clearly without merit. After careful consideration, we decline to grant Loken's request for sanctions against Boyce.

¶9     Affirmed.

/S/ JIM RICE

4

We concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BRIAN MORRIS
/S/ BETH BAKER